**FILED**
8/1/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

Willie Townsend,

        Plaintiff.   )

vs.              )

                  )

Medical Director Hart,  )
Director of Cermak Health Care,
Cook County Bureau of Health.  )

John Doe #1,       )
Director / Supervisor of Orthopedics
Cermak Health Care, Cook  )
County Bureau of Health.  )

John Doe #2       )
  Orthopedics Medical Doctor  )
  Stroger's / Cermak Health Care,  )
  Cook County Bureau of Health.  )

John Doe #3,       )
  Director / Supervisor of Pharmacy )
  Cermak Health Care,  )
  Cook County Bureau of Health )
County of Cook.

    Individually and in their
    Official Capacities.

**RECEIVED**

JUN 13 2012

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

Amended
Complaint

Case no: 12 C 2232

## I. Jurisdiction and Venue

1.) This is a civil action authorized by 42 U.S.C. Section 1983, to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C Section 1331 and 1343 (A)(3).

2.) The United States District Court for the Northern District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3.) Plaintiff, Willie Townsend, was at the times herein a detainee of the State of Illinois, in custody of the Cook County Department of Corrections, (C.C.D.O.C.).

(2.)

## III. Defendants

4.) Defendant, Medical Director Hart, is the medical director / chief of staff of Cermak Health Care Services (Cook County Bureau of Health). Hart is legally Responsible for the overall operation of Cermak Health Care Services.

5.) Defendant, John Doe #1, is the Director / Supervisor of the Orthopedics Dept., within Cermak Health Care Services. John Doe #1, is legally Responsible for the overall operations of the Orthopedics Department.

6.) Defendant, John Doe #2, is a medical doctor within the Orthopedics Dept., at (Strogers) Cermak Health Care Services. John Doe #2 is legally Responsible for all patients under his direct medical care.

7.) Defendant, John Doe #3, is the Director / Supervisor of Pharmacy at Cermak Health Care Services. John Doe #3 is legally Responsible for the distribution of all detainee prescription medications.

8.) Defendant, County of Cook, oversee's and is legally Responsible for the Cook County D.O.C.

# FACTS

9.) On FEB. 8th, 2012, the plaintiff, Willie Townsend, suffered a severe injury to his left arm (wrist) after an incident that occurred in Division Nine (9), Cook County Department of Corrections, in which the plaintiff fell.

10.) Later that day, as a direct result of the injuries that the plaintiff sustained, he was sent and escorted to Cermak Health Care Services, located within Cook County D.O.C., in order to receive medical attention.

11.) Cermak Health Care Services then conducted a brief examination and x-ray's of the plaintiff. Due to the severity of the injuries in which the plaintiff suffered, he was then sent and escorted to, John H. Stroger, Jr. Hospital of Cook County in order to receive the proper and extensive medical treatment necessary.

(4)

12.) The plaintiff, Willie Townsend, was then admitted to STROGER'S Hospital where he then received medical attention from a variety of staff, along with ORTHOPEDICS Medical Doctor, John Doe #2. (DEFENDANT)

13.) Medical examinations and X-RAY's were then performed by the ORTHOPEDICS DEPARTMENT PERSONNEL, which also included the defendant, ORTHOPEDICS MEDICAL DOCTOR, JOHN DOE #2, as the consulting medical doctor.

14.) The plaintiff was then diagnosed with a shattered left arm (wrist) in five (5) SEPERATE locations, along with SEVERE swelling of the left arm.

15.) At the conclusion of the defendants examination of the plaintiff, Willie Townsend, ORTHOPEDICS MEDICAL DOCTOR, John Doe #2, reached an analysis that until the SEVERE swelling of the left arm was alleviated and receded, he (John Doe #2) would not be able to perform the proper procedural treatment necassary for the patient plaintiff to receive the appropriate medical attention needed.

(5)

16.) Defendant, M.D., John Doe #2, then related to the plaintiff, that after the swelling of his left arm subsided, one of two medical procedures would be needed and performed in order for the proper medical results to be achieved.

options

1.) That surgery would be needed which included pins being placed and set within the five (5) shattered fractures...

OR

2.) That the plaintiffs left arm would be set in a full cast in order to immobilize the left arm to achieve the proper healing.

17.) ORTHOPEDICS MEDICAL DOCTOR John Doe #2, stated to the plaintiff, that in his professional opinion, that more likely than not, that surgery would be needed to successfully treat the plaintiffs arm.

(6)

18.) Furthermore, M.D., John Doe #2, also stated to the plaintiff, that after a week or two, once the swelling subsided, that additional X-ray's would be performed in order to properly evaluate the plaintiffs arm (wrist) at which point a medical decision to opt for surgery or a full arm cast would be concluded.

19.) Upon information and belief, ORTHO. M.D., John Doe #2, would be performing these additional X-ray's at Cermak Health Care Services, which is affiliated with Stroger's Hospital through the Cook County Bureau of Health.

20.) In addition, to the Feb. 8th, 2012 injuries that the plaintiff sustained, ORTHO. M.D., John Doe #2, wrote a prescription for pain medication, (Tylenol #3) in order to alleviate the plaintiffs severe pain. (prescription order, x 2 weeks, Feb 8th to Feb. 22nd, 2012)

21.) The plaintiff asserts that since the onset of his initial injury of Feb. 8th 2012, the defendants, Medical Director Hart, Director of Orthopedics John Doe #1, and Orthopedics Medical Doctor John Doe #2,

(7)

have acted with deliberate indifference to the plaintiffs serious medical needs and health and safety, due to the following:

22.) After numerous medical request, complaints, and inquiries by the plaintiff regarding the additional required medical treatment, (per Ortho. M.D. John Doe #2, Feb. 8th, 2012 Diagnosis) which included additional x-ray's, surgery and or a full arm cast, approximately 120 days have elapsed where absolutely no additional medical treatment has been performed by, Ortho. M.D., John Doe #2, and or the Orthopedics Departments at Cermak Health Care Services or StRoger's Hospital.

23.) The plaintiff, Willie Townsend, asserts that approximately 120 days after the initial injury of Feb. 8th, 2012, that no additional x-ray's, surgery and or full arm cast, has been performed.

24.) Additionally, the plaintiff, through Orthopedics has been given appointments for his follow-up treatment and proper evaluations to conclude surgery or a full arm cast.

These appointment dates were set for
Stroger's Hospital as follows:

* March 22, 2012 (appointment cancelled)
* April 19, 2012 (appointment cancelled)
* April 24, 2012 (appointment cancelled)
* May 10, 2012 (appointment cancelled)
(see attached exhibits)

25.) Since the initial injuries in which the plaintiff sustained on Feb. 8th, 2012, the plaintiff, Willie Townsend, has not received any medical treatment from, Orthopedics M.D., John Doe #2 and or any other specialist or any other personnel from the Orthopedics Departments of Stroger's Hospital or Cermak Health Care Services.

26.) The plaintiff as a direct result of the defendants actions, and lack thereof, by failing to provide the appropriate and adequate follow-up medical treatment which even a lay person would easily recognize the necessity for which include; no additional x-ray's and numerous cancelled appointments (surgery / cast) has lead the plaintiff to endure the inability to function

(a)

without pain, discomfort, and agitation due to severe excruciating pain which has also included sleep deprivations and increased tensions, both physical and mental, as a direct result of the Defendants deliberate indifference to the plaintiffs serious medical needs and treatment.

27.) As a pretrial detainee, the Fourteenth Amendment requires that the plaintiff receive adequate medical treatment. In addition, a significant delay in effective treatment also supports a claim of deliberate indifference, especially where the result is prolonged and the plaintiff suffers unnecessary pain.

28.) The plaintiff further contends that large lumps have formed on his arm (wrist) area's and has continued to endure severe unwarranted pain.

29.) Defendants, Medical Director Hart, Ortho. Director John Doe #1, Ortho. M.D. John Doe #2, through grievances, plaintiff request, and staff request and inquiries have complete

knowledge to the plaintiffs medical needs and have yet to perform additional x-ray's or surgery and continue to cancel appointment after appointment. By societies standards, let alone a correctional environmental setting 120 days without any follow-up treatment after being diagnosed with a shattered arm (wrist) in five seperate locations goes completely beyond the appropriate medical treatment and care in which a person should receive. The plaintiffs Fourteenth Amendment Rights to due process have been clearly violated which also applies to the states through the Eighth Amendment which prohibits cruel and unusual punishment.

## Medication Distribution

30.) The plaintiff, Willie Townsend, reiterates that on Feb. 8th, 2012, as a direct result of the injuries in which he sustained, ORTHOPEDICS M.D., John Doe #2, upon information and belief, wrote a prescription order for, Tylenol #3, to alleviate the plaintiffs severe pain. (prescription order, x-2 weeks, Feb. 8, 2012 to Feb. 22, 2012.)

31.) The plaintiff asserts that defendant, Director/Supervisor of Pharmacy, John Doe #3, neglected and failed to properly distribute the prescribed medications, (per Ortho. M.D., John Doe #2), for seven (7) days, leaving the plaintiff, Willie Townsend, to suffer extreme excruciating pain.

32.) After numerous request by the plaintiff regarding his prescribed medication, both written and verbally to Division Nine (9) medical staff and security staff, medical technician, O'Meike, (phonetic) pulled the plaintiffs active prescription orders and determined that the plaintiff should have been receiving Tylenol #3, since Feb. 8th, 2012. As a direct result of medical technician O'Meike, the Tylenol #3, pain medication was finally distributed for the remaining prescription order.

33.) The defendant, Director/Supervisor of Pharmacy, (Cermak Health Care), displayed deliberate indifference to the plaintiffs serious medical needs with inadequate medication distribution, by not adhering to prescription orders, per Ortho. M.D. John Doe #2. Due to Pharmacy Director John Doe #3, the plaintiff endured seven days of excruciating pain from a shattered arm (wrist).

(12.)

## Exhaustion of Grievance Procedures

34.) Plaintiff, Willie Townsend, used the detainee grievance procedure as it was available at the Cook County D.O.C. The plaintiff in this civil action exhausted all of the remedies made available to him at Cook County D.O.C. to no avail, and is deemed to have exhausted such remedies as a matter of law.

## Cause of Action

35.) The plaintiff realleges and incorporate by reference paragraphs 9-33.

36.) The Defendants, Medical Director Hart, Director/Supervisor of Orthopedics John Doe #1, Ortho. Medical Doctor John Doe #2, Director/Supervisor of Pharmacy John Doe #3, and the County of Cook, Exercised deliberate indifference to the plaintiffs serious medical needs by failing to adequately provide the appropriate extended medical treatment. The Defendants wrongful conduct caused the plaintiff serious risk and harm which violates the plaintiff Fourteenth Amendment Rights to Due Process under the U.S. Constitution and Article 1, section 2, of the Illinois Constitution.

(13)

## Prayer For Relief

Wherefore, plaintiff respectfully prays that this Honorable Court helps to right the wrongs of the defendants, that the plaintiff has become a victim of. The Plaintiff prays that this court enters a judgement granting the following:

Hold Medical Director Hart, John Doe #1, John Doe #2, John Doe #3, and the County of Cook, jointly and severably liable to the plaintiff as a result of their constitutional deprivations and deliberate indifference to serious medical needs which violated the plaintiffs, Willie Townsend, constitutional rights under the Fourteenth Amendment to the U.S. Constitution, and Article 1, section 2, of the Illinois Constitution and hardships according to the following:

A.) Compensatory damages in the amount of $250,000 Against each defendant, jointly and severally.

B.) Punitive damages in the amount of $100,000, EACH DEFENDANT.

C.) A trial by jury on all trialable issues.

D.) Plaintiffs cost in this law suit.

E.) Reasonable attorney fees if applicable.

f.) Any additional relief, the court deems necessary

(14.)

DATED: 5-29, 2012

Respectfully Submitted

Willie Townsend

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to the matters, "Upon information and belief, and as to those I believe to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cook County D.O.C. in the city of Chicago, and the state of Illinois on 5-29, 2012

Willie Townsend

(15)

# Orders

Patient : TOWNSEND, WILLIE
Address : 2800 S CALIFORNIA, 299 S OGLESBY AVE
CHICAGO, IL 60608
Phone : (773) 890-7100

Med Rec # : 004802739c
DOB : 11/05/70
Sex : Male
Physician :

## All Active Orders

### Condition
**Alert CCDOC**
02/08/12 8:00:00, Cast/Splint | Lower Bunk, Routine
**Alert CCDOC**
03/05/12 8:00:00, Lower Bunk | Cast/Splint, Routine, 8, MONTH, cotton sleeves for wrists and legs to avoid contact with metal of cuffs and shackles

### Diet
**Diet CCDOC**
04/12/11 9:00:00, Cholesterol/Fat Restricted/Low Salt Blan, Routine, 04/12/11 9:00:00

### Nursing Orders
**TED Stockings, Knee High Fitted**
03/06/12 14:23:00, ASAP, Daily, 8, MONTH, Special Instructions: size 12.5 foot
**Transfer to (CHS)**
09/19/11 10:39:00, General Population, Routine

### Medications
**albuterol (albuterol HFA inhaler) (albuterol CFC free 90 mcg/inh AER 8 GM)**
2 PUFF, Inhalation, Inhalation, Q 6 Hr, PRN, For Shortness of Breath, Routine, 04/03/12 9:21:00, 16 WEEK, 07/24/12 9:20:00
**pantoprazole (pantoprazole 40 mg DR Tab UD)**
40 MG, 1 TAB, Tab, PO, Daily kop, Routine, 04/04/12 9:00:00, 16 WEEK, 07/18/12 9:00:00
**naproxen (naproxen 500 mg Tab UD)**
500 MG, 1 TAB, Tab, PO, Q 12 hr kop, Routine, 04/03/12 21:00:00, 12 WEEK, 06/26/12 9:00:00
**methocarbamol (methocarbamol 750 mg Tab)**
750 MG, 1 TAB, Tab, PO, BID kop, Routine, 04/03/12 17:00:00, 6 WEEK, 05/15/12 9:00:00

### Laboratory
**Liver Enzymes**
04/03/12 9:23:00, Blood, Routine, Schedule Indicator
**Liver Profile**
04/03/12 9:23:00, Blood, Routine, Schedule Indicator
**Lipid Profile (Lipid Panel)**
04/03/12 9:23:00, Blood, Routine, Schedule Indicator
**Basic Metabolic Profile**
04/03/12 9:23:00, Blood, Routine, Schedule Indicator

### Radiology
**US Echo Cardiogram**
Routine, 09/23/11 17:00:00, Other (Enter in "Other Reason" field), B/L LE pitting edema, Ambulatory, Schedule Indicator

### Consults/Referrals
**Referral to Orthopedic Surgery** D.DUT 9D
Priority, 04/19/12 17:00:00
**Follow Up to Primary Care**
Routine, 04/03/12 8:00:00
**Referral to Primary Care**
Routine, 04/13/11 8:30:00, Asthma
**Follow Up to Primary Care**
Routine, 05/16/11 13:00:00

# Orders

Patient : TOWNSEND, WILLIE
Address : 2800 S CALIFORNIA, 299 S OGLESBY AVE
CHICAGO, IL 60608
Phone : (773) 890-7100

Med Rec # : 004802739c
DOB : 11/05/70
Sex : Male
Physician :

## All Active Orders

**Condition (Active)**
Alert CCDOC
03/05/12 8:00:00, Lower Bunk | Cast/Splint, Routine, 8, MONTH, cotton sleeves for wrists and legs to avoid contact with metal of cuffs and shackles
Alert CCDOC
02/08/12 8:00:00, Cast/Splint | Lower Bunk, Routine

**Diet (Active)**
Diet CCDOC
04/12/11 9:00:00, Cholesterol/Fat Restricted/Low Salt Blan, Routine, 04/12/11 9:00:00

**Nursing Orders (Active)**
TED Stockings, Knee High Fitted
03/06/12 14:23:00, ASAP, Daily, 8, MONTH, Special Instructions: size 12.5 foot
Transfer to (CHS)
09/19/11 10:39:00, General Population, Routine

**Medications (Active)**
naproxen (naproxen 500 mg Tab UD)
500 MG, 1 TAB, Tab, PO, Q 12 hr kop, Routine, 04/23/12 21:00:00, 12 WEEK, 07/16/12 9:00:00
methocarbamol (methocarbamol 750 mg Tab)
750 MG, 1 TAB, Tab, PO, BID kop, Routine, 04/23/12 17:00:00, 07/31/12 9:00:00
hydrOXYzine (hydrOXYzine pamoate 25 mg Cap)
25 MG, 1 CAP, Cap, PO, BID kop, Routine, 04/23/12 17:00:00, 05/04/12 14:44:00
pantoprazole (pantoprazole 40 mg DR Tab (KOP))
40 MG, 1 TAB, Tab, PO, Daily kop, Routine, 04/04/12 9:00:00, 16 WEEK, 07/18/12 9:00:00
albuterol (albuterol HFA inhaler) (albuterol CFC free 90 mcg/inh AER 8 GM)
2 PUFF, Inhalation, Inhalation, Q 6 Hr, PRN, For Shortness of Breath, Routine, 04/03/12 9:21:00, 16 WEEK, 07/24/12 9:20:00

**Radiology (Active)**
US Echo Cardiogram
Routine, 09/23/11 17:00:00, Other (Enter in "Other Reason" field), B/L LE pitting edema, Ambulatory, Schedule Indicator

**Consults/Referrals (Active)**
Follow Up to Primary Care
Routine, 05/29/12 14:00:00
Referral to Orthopedic Surgery       ~Didnt go
Priority, 05/10/12 17:00:00
Referral to Orthopedic Surgery       ~ Didnt go
Priority, 04/24/12 0:00:00
Follow Up to Primary Care
Urgent, 04/23/12 13:00:00
Referral to Dental
Urgent, 01/20/12 12:30:00, HSR Follow Up
Referral to Dental
Urgent, 01/03/12 8:00:00, HSR Follow Up
Referral to Health Service
Urgent, 11/11/11 8:00:00, HSR Follow Up
Follow Up to Primary Care
Routine, 05/16/11 13:00:00

Print by : LEDVORA MD, RONALD F
Printed : 04/23/12 14:47

(continued...)

Page 1 of 2

UNITED STATES DISTRICT COURT
Northern District of Illinois
Eastern Division

Willie Townsend
        Plaintiff.

   vs.

M.D. Hart, et al.

)
)
)
)
)
)

Amended Complaint

Case No: 12C 2232

Judge Dow, JR.

### Certificate of Service

To: Clerks Office
    U.S. District Court

I, Willie Townsend, swear under penalty of perjury that I placed the enclosed documents in the institution mail at Cook County Jail on 5-29-12.

Amended Complaint
and
Motion for appointment
  of Counsel

_Willie Townsend_
Willie Townsend